# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK OKEY, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-14-00616 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Respondents | : | |

## M E M O R A N D U M

Petitioner Patrick Okey, who is presently incarcerated at the State Correctional

Institution in Albion, Pennsylvania ("SCI-Albion"), initiated this action by filing a

*pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. §

2254. (Doc. 4.) Petitioner seeks to challenge his 2009 and 2011 convictions and

sentence in the Court of Common Pleas of York County, Pennsylvania ("York County

court" or "trial court"). In response to the petition, Respondents contend that

Petitioner's habeas petition is moot and untimely. (Doc. 12.) For the reasons set

forth below, Petitioner's habeas petition will be dismissed.

I.      **Facts and Procedural History**

In his petition, Petitioner seeks habeas relief with respect to two Pennsylvania cases.  The court will set forth the case histories separately before turning to the filing of the instant petition.

A.      ***Commonwealth v. Okey*, CP-67-CR-0004710-2008 (York C.P. 2008)**

On January 22, 2009, a York County jury found Petitioner guilty of one count each of luring a child into a motor vehicle, *see* 18 Pa. Cons. Stat. Ann. § 2910(a), and stalking, *see* 18 Pa. Cons. Stat. Ann. § 2709.1(a)(1).  (Doc. 12 ¶ 8.)  On April 27, 2009, Petitioner was sentenced to a term of incarceration of one (1) year minus one (1) day to two (2) years minus two (2) days, along with a concurrent sentence of three (3) to twelve (12) months.  (*Id*. ¶ 9.)  Petitioner received credit for time served dating back to May 2, 2008.  (*Id*.)

On April 30, 2009, Petitioner filed a timely post-sentence motion in the York County court, which was denied on May 4, 2009.  (*Id*. ¶ 10.)  Thereafter, Petitioner filed a timely notice of appeal to the Pennsylvania Superior Court on May 6, 2009.  (*Id*. ¶ 11) (case docketed at 785 MDA 2009).

On April 29, 2010, Petitioner was released from the custody of the Commonwealth after serving the entirety of his state sentence.  (*Id*. ¶ 12; Doc. 12-1 at

47.)[1]  However, Petitioner was immediately released to the primary custody of the

Department of Homeland Security, Immigration and Customs Enforcement ("ICE"),

where he remained incarcerated at the same place of confinement, the York County

Prison.  (Doc. 1 at 33-34; Doc. 12 ¶ 13 n.3.)

On May 6, 2010, the Pennsylvania Superior Court affirmed Petitioner's 2009

state judgment of sentence.  (Doc. 12 ¶ 14.)  Petitioner did not file a petition for

allocatur to the Pennsylvania Supreme Court.  (*Id*. ¶ 15.)

On January 15, 2013, Petitioner filed a petition for post conviction collateral

relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), *see* 42 Pa. Cons.

Stat. Ann. §§ 9541-9546.  (Doc. 12 ¶ 17.)  On February 15, 2013, the York County

court appointed counsel for Petitioner and issued a notice of its intent to dismiss the

PCRA petition as untimely unless Petitioner asserted an exception within twenty (20)

days.  (*Id*. ¶ 18.)  On May 10, 2013, the York County court denied the PCRA petition

on the basis that Petitioner did not assert a valid exception to the timeliness

requirement.  (*Id*. ¶ 19.)  Petitioner did not appeal this decision.  (*Id*. ¶ 20.)  Instead,

---

[1]  Following Petitioner's 2009 conviction, the York County court issued an order indicating that Petitioner's maximum time on the conviction would expire on April 29, 2010, and ordered that, because the offense for which Petitioner was incarcerated requires that, upon release, Petitioner provide a DNA sample for a statewide database, officials were to obtain a blood draw or other means of obtaining a DNA sample from Petitioner.  (Doc. 12-1 at 47.)  From the order it appears that Petitioner previously refused to provide the DNA sample.  (*Id*.)

Petitioner filed another PCRA petition on January 17, 2014, which was denied as untimely on March 31, 2014.  (*Id.* ¶ 21.)  In addition, Petitioner filed a petition for leave to file an allocatur petition *nunc pro tunc* in the Supreme Court of Pennsylvania, which was denied on March 5, 2014.  (*See* Doc. 12-1 at 52.)

**B.    *Commonwealth v. Okey*, CP-67-CR-0001198-2011 (York C.P. 2011)**

On January 21, 2011, the Department of Homeland Security released Petitioner from its immigration detainer.[2]  (Doc. 12 ¶ 23.)  Pursuant to Pennsylvania's Megan's Law, Petitioner had forty-eight (48) hours to register his residence once he was no longer detained.  (*Id.* ¶ 24.)  On January 25, 2011, a Detective Lutchko made contact with Petitioner to warn him that he was required to register with the Pennsylvania State Police.  (*Id.* ¶ 25.)  Petitioner responded to Detective Lutchko that he was not going to register and that the State Police could take him back to jail.  (*Id.* ¶ 26; Doc. 12-1 at 62, Affidavit of Probable Cause.)  As a result of Petitioner's failure to register, on January 27, 2011, he was charged with a violation of Pennsylvania's Megan's Law, graded as a felony of the third degree.  (Doc. 12 ¶ 27.)  Petitioner was then returned to jail.  (*Id.*)

---

[2]  Respondents assert that the reason for Petitioner's release is unknown to the Commonwealth.  (Doc. 12 ¶ 23.)

Petitioner proceeded to trial on this charge *pro se*, with standby counsel available.  (*Id*. ¶ 28.)  On August 18, 2011, a York County jury found Petitioner guilty of failure to comply with Megan's Law, *see* 18 Pa. Cons. Stat. Ann. § 4915(a).  (Doc. 12 ¶ 29.)  On October 19, 2011, the York County court sentenced Petitioner to a term of incarceration of two (2) to four (4) years, with credit for time served between the date of his arrest, January 27, 2011, and the date of sentencing, October 29, 2011.  (*Id*. ¶ 30.)  Petitioner, still acting *pro se*, did not file a direct appeal.  (*Id*. ¶ 31.)

On April 4, 2012, Petitioner filed a motion to dismiss based on Pennsylvania Rule of Criminal Procedure 600, related to his right to a speedy trial.  (Doc. 12 ¶ 32.)  On July 19, 2012, the York County court dismissed the motion as moot, as Petitioner had already had a jury trial and been found guilty of the charges against him  (*Id*. ¶ 33; Doc. 12-1 at 71.)  Petitioner did not appeal this decision.  (Doc. 12 ¶ 34.)

On January 15, 2013, Petitioner filed a *pro se* PCRA petition in the York County court.  (*Id*. ¶ 36.)  On February 5, 2013, the York County court appointed counsel for Petitioner and issued a notice of its intent to dismiss the PCRA petition as untimely unless Petitioner asserted an exception within twenty (20) days.  (*Id*. ¶ 37.)  Subsequently, on March 25, 2013, the York County court issued an order dismissing

5

Petitioner's untimely PCRA petition for failure to show eligibility for relief.  (*Id*. ¶ 38.)  Petitioner did not appeal this decision.  (*Id*. ¶ 39.)

>    **C.**     ***Okey v. Commonwealth of Pennsylvania, et al.*, Civ. No. 1:14-CV-00616 (M.D. Pa.)**

Petitioner filed the instant habeas petition on April 1, 2014.  (Doc. 1.)  In the petition, Petitioner raises the following claims: (1) in his 2009 York County case, Petitioner was erroneously charged with luring a child into a motor vehicle, *see* 18 Pa. Cons. Stat. Ann. § 2910(a), rather than criminal attempt, *see* 18 Pa. Cons. Stat. Ann. § 901, for offering a child a ride in his vehicle; (2) in his 2011 York County case, Petitioner received ineffective assistance of counsel when standby counsel failed to file a direct appeal despite Petitioner's desire to do so;[3] (3) in his 2009 York County case, the prosecutor engaged in prosecutorial misconduct when he used false testimony at trial to prove the elements of Petitioner's offense, and the trial court gave a misleading jury instruction on reasonable doubt; and (4) in his 2009 York County case, the prosecutor did not meet the burden of proof with respect to the elements of

---

[3]  Petitioner does not reference the York County case to which he is referring in this claim.  (*See* Doc. 1 at 7-9.)  However, the court notes the following procedural background.  In his 2009 York County case, Petitioner did file a timely direct appeal.  (*See* Doc. 12 ¶ 11.)  In addition, Petitioner proceeded *pro se* in his 2011 York County case, with standby counsel available.  (*Id*. ¶ 28.)  Because Petitioner claims here that no direct appeal was filed by counsel, the court can only assume that Petitioner is claiming that his standby counsel did not file a direct appeal in his 2011 York County case, as no direct appeal was filed in that case.

6

luring a child into a motor vehicle, *see* 18 Pa. Cons. Stat. Ann. § 2910(a). (*See* Doc. 1.) In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), on April 8, 2014, the court issued a formal notice to Petitioner that he could either have the petition ruled on as filed, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act. (Doc. 5.) Petitioner was advised that if he did not return his Notice of Election form within 45 days, the court would rule upon his current petition as filed. (*Id*.) On April 21, 2014, Petitioner filed his Notice of Election, indicating that he chooses to have the court rule on his petition as filed. (Doc. 6.)

On April 22, 2014, the court issued an order to show cause, directing Respondents to file a response to Petitioner's habeas petition. (Doc. 7.) In the response, *inter alia*, Respondents were to state whether any claim in the petition is barred by a failure to exhaust state court remedies, a procedural bar, non-retroactivity, or a statute of limitation. (*Id*.) Respondents filed a partial answer on May 21, 2014, arguing that the petition is moot with respect to Petitioner's 2009 convictions and

7

sentence, and untimely with respect to his 2011 conviction and sentence.[4]  (Doc. 12.)

Petitioner filed a traverse on June 2, 2014.  (Doc. 18.)

By order dated July 14, 2014, the court directed Petitioner to file a notice

showing cause why his challenge to his 2009 convictions and sentence should not be

dismissed as moot as a result of the expiration of his state sentence.  (Doc. 20.)  The

court also afforded Respondents the opportunity to reply to Petitioner's notice.  (*Id*.)

Petitioner filed a notice on July 24, 2014.  (Doc. 21.)  Respondents have not replied.

Thus, the court will now consider whether the petition for writ of habeas corpus filed

in this case is moot and untimely, as argued by Respondents.

## II.    **Discussion**

In their partial answer to the instant habeas petition, Respondents argue that

Petitioner's request for habeas relief related to his 2009 convictions and sentence is

moot because Petitioner's sentence has already expired.  Further, Respondents argue

that Petitioner's request for habeas relief related to his 2011 conviction and sentence

is untimely.  The court will discuss each contention in turn.

---

[4]  Respondents have filed their partial answer as a "motion to dismiss habeas as untimely and moot."  (Doc. 12.)  Because the partial answer has been docketed as a "motion," and for the reasons set forth in this memorandum, the court will grant Respondents' motion in the order accompanying this memorandum.

### A.    Challenge to 2009 Convictions and Sentence is Moot

A federal district court has jurisdiction to entertain an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 only if the person is "in custody" pursuant to the state court judgment or sentence he is attacking at the time the application is filed.  28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) ("'in custody' jurisdictional requirement is determined as of the date the petition is filed in the district court").  In the instant case, Petitioner initiated this action challenging his 2009 convictions and sentence on April 1, 2014.  (*See* Doc. 1.)  However, Petitioner completed serving that 2009 sentence on April 29, 2010, and was released from the primary custody of the Commonwealth.  (*See* Doc. 12 ¶ 12; Doc. 12-1 at 47.)  Because Petitioner was no longer "in custody" for the 2009 convictions and sentence, he is not eligible for habeas relief and the court is without jurisdiction to address the merits of his claims relating to those 2009 convictions and sentence.

In his notice arguing that his challenge to the 2009 convictions and sentence should not be dismissed as moot, Petitioner maintains that he meets the custody requirement because his current sentence was enhanced by the 2009 conviction.  In support, he relies mainly on the United States Court of Appeals for the Third Circuit's

decision in *Young v. Vaughn*, 83 F.3d 72 (3d Cir. 1996).  In *Young*, the Third Circuit held that when a district court is faced with a habeas petition challenging an expired state conviction, the court should construe the petition as challenging the petitioner's current sentence if the expired conviction was used to enhance or had other effects on the current sentence.  *Id*., 87 F.3d at 73, 76-79.  However, the rule in *Young* is no longer controlling.

In *Daniels v. United States*, 532 U.S. 374 (2001), and *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court abrogated *Young sub silencio*, *see Venson v. Killina*, Civ. No. 07-1569, 2009 WL 1228444, at *8, n.2 (W.D. Pa. May 5, 2009) (recognizing abrogation), and established that a habeas petitioner may not indirectly challenge an expired conviction through an enhanced sentence the petitioner is currently serving.  In *Daniels*, an earlier, expired state court conviction was used to enhance the federal sentence the petitioner was then serving, and the Supreme Court held that Daniels could not challenge his expired convictions through his attack on the federal conviction.[5]  *Daniels*, 532 U.S. at 382. In *Coss*, applicable in this case, the Supreme Court extended the holding in *Daniels* to

---

[5]  The petitioner had actually challenged the constitutionality of two expired state court convictions used to enhance his federal sentence.  *Daniels*, 532 U.S. at 377.

a state sentence enhanced by an expired state court conviction.  *Coss*, 532 U.S. at 402.

The Supreme Court explained,

> once a state conviction is no longer open to direct or collateral attack in
> its own right because the defendant failed to pursue those remedies while
> they were available (or because the defendant did so unsuccessfully), the
> conviction may be regarded as conclusively valid.  If that conviction is
> later used to enhance a criminal sentence, the defendant generally may
> not challenge the enhanced sentence through a petition under § 2254 on
> the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04 (citing *Daniels*, 532 U.S. at 382).[6]  Based on this reasoning,

the Court concludes that Petitioner's current sentence cannot revive the expired 2009

conviction.  It is apparent from a reading of his § 2254 petition that Petitioner is

directly attacking his expired sentence.  However, Petitioner is not in custody for that

conviction.  *Maleng*, 490 U.S. at 490.  As a result, the court does not have jurisdiction

to address the merits of Petitioner's challenge to his 2009 convictions and sentence.[7]

---

[6]  The only exception to this rule is a conviction obtained in violation of the right to
counsel.  "[T]he failure to appoint counsel for an indigent [is] a unique constitutional defect . . .
ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among
alleged constitutional violations."  *Coss*, 532 U.S. at 404 (quoting *Custis v. United States*, 511 U.S.
485, 496 (1994)).

[7]  Because this jurisdictional issue is dispositive, the Court will not address Respondents'
alternative argument that Petitioner's challenge to his 2009 conviction and sentence in his habeas
petition is also untimely.  (*See* Doc. 12 ¶¶ 47-48.)

**B.**     **Challenge to 2011 Conviction and Sentence is Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district
> court shall entertain an application for a writ of habeas corpus in behalf
> of a person in custody pursuant to the judgment of a State court only on
> the ground that he is in custody in violation of the Constitution or laws
> or treaties of the United States.

28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the

stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28

U.S.C. § 2244(d)(1).  A state prisoner requesting habeas corpus relief pursuant to §

2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment of
> a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> &#42; &#42; &#42;
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
> &#42; &#42; &#42;

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001). Further, the limitations period is applied on a claim-by-claim basis. *See Fielder v. Verner*, 379 F.3d 113 (3d Cir. 2004).

In the 2011 York County case, Petitioner proceeded *pro se* to trial on the charge of violating Megan's Law, with standby counsel available. (Doc. 12 ¶ 28.) After a jury found him guilty of the charge, Petitioner, still acting *pro se* with standby counsel available, was sentenced on October 19, 2011. (*Id*. ¶¶ 29-30.) Still proceeding *pro se*, Petitioner did not file a direct appeal. (*Id*. ¶ 31.) Therefore, his conviction became final on November 19, 2011.[8] *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme

---

[8]  In Pennsylvania, a criminal defendant has thirty (30) days from the date of his sentence to file a direct appeal with the Superior Court. *See* Pa. Crim. P. 720(a)(3).

Court of Pennsylvania, or at the expiration of time for seeking the review"). The one-year statute of limitations period for purposes of a federal habeas action commenced running as of that date, and expired on November 19, 2012. Hence, the federal petition, which was filed on April 1, 2014, appears to be untimely. However, the court's analysis does not end there. Consideration of both statutory and equitable tolling must be undertaken.

## 1.   **Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations in Petitioner's case began running on November 18, 2011, and expired on November 18, 2012. Petitioner filed a PCRA petition on January 15, 2013, nearly two (2) months after expiration of the statute of limitations.[9] A PCRA petition does not toll an expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely

---

[9] On April 4, 2012, Petitioner filed a motion to dismiss based on Pennsylvania Rule of Criminal Procedure 600, related to his right to a speedy trial. (Doc. 12 ¶ 32.) The York County court dismissed this motion as moot on July 19, 2012, based on the fact that Petitioner had already had a jury trial and been found guilty of the charges against him. (*Id.* ¶ 33; Doc. 12-1 at 71.) Because Petitioner's Rule 600 motion was not a properly-filed collateral appeal, it did not stay his federal limitations period. (*Id.* ¶ 33.) *See also* 28 U.S.C. § 2244(d)(2).

PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed").

Further, on February 5, 2013, the York County court appointed counsel for Petitioner and issued a notice of its intent to dismiss the PCRA petition as untimely unless Petitioner asserted an exception within twenty (20) days.  (Doc. 12 ¶ 37.) Subsequently, on March 25, 2013, the York County court issued an order dismissing Petitioner's untimely PCRA petition for failure to show eligibility for relief.  (*Id*. ¶ 38.)  An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations.  *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").  Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

### 2.     **Equitable Tolling**

The federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period

unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 416-17.

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances permitting equitable tolling have been found where the petitioner: (1) has been actively misled, (2) has been prevented from asserting his rights in some extraordinary way, (3) timely asserted his rights but did so in the wrong forum by mistake, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or (4) was misled by the court as to the steps to be taken to preserve a claim.

16

*See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.), *cert. denied*, *Diguglielmo v. Brinson*, 126 S. Ct. 473 (2005).

Here, Petitioner presents no evidence to account for the delay in pursuing his state court remedies or for his delinquency in seeking relief in federal court.  Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief in either forum.  The court does note that one of Petitioner's grounds for relief in his petition is based on the failure of his standby counsel to file a direct appeal in his 2011 York County case.  (*See* Doc. 1.)  To the extent that Petitioner may claim ineffective assistance of counsel as it relates to equitable tolling, a limitations period may be equitably tolled by a showing of ineffective assistance of counsel, but Petitioner must show that counsel was indeed ineffective, *see United States v. Casiano*, 216 F. App'x 173, 175 (3d Cir. 2007) (deadline may be equitably tolled by a showing of ineffective assistance of counsel, but record that counsel was not ineffective can negate the contention), and that the ineffectiveness was an extraordinary circumstance.  Ineffective assistance of counsel has not generally been considered an extraordinary circumstance where the ineffectiveness was due to counsel's negligence or mistake.  *United States v. Martin*, 408 F.3d 1089, 1093-94 (8th Cir. 2005).  Serious attorney misconduct, however, may warrant equitable

17

tolling.  *Nara*, 264 F.3d at 320 (noting that claims of attorney misconduct may

provide a basis for equitable tolling); *see also Spitsvn v. Moore*, 345 F.3d 796, 798

(9th Cir. 2003) (tolling state habeas petitioner's statute of limitations due to

"extraordinary circumstance" of egregious misconduct on the part of petitioner's

attorney); *Baldavaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) ("It is not

inconsistent to say that attorney error normally will not constitute the extraordinary

circumstances required to toll the AEDPA limitations period while acknowledging

that at some point, an attorney's behavior may be so outrageous or so incompetent as

to render it extraordinary); *Rouse v. Lee*, 339 F.3d 238, 250 n.14 (4th Cir. 2003)

(suggesting that equitable tolling may appropriate where attorney conduct reaches the

level of "utter abandonment").

In this case, the record is clear that Petitioner was proceeding *pro se* in his

2011 York County case.  (*See* Doc. 12-1 at 63-70, Notes of Testimony, Sentencing,

10/19/2011).  At sentencing, the trial court stated,

> I have to conclude by your actions or more specifically your lack of
> actions that you have chosen not to be represented by counsel here today.
> You have done nothing concrete in any of the time that I have been
> involved in this case to actually obtain legal counsel.  I have, of course,
> long ago appointed Mr. Margetas to be your standby counsel and he is
> here today as he was at every other stage of the proceedings.  We are
> going to proceed with sentencing today.

(*Id*. at 65.)  Further, there is nothing in the record demonstrating that standby counsel was functioning as active counsel in Petitioner's York County proceedings, or that Petitioner was actively utilizing standby counsel throughout his proceedings.  Even assuming standby counsel did have a more active role, Petitioner has failed to show how counsel's behavior could have been anything more than mere negligence or mistake.  Further, he has not alleged any serious attorney misconduct.  Moreover, even if it can be found that standby counsel's (functioning as active counsel) ineffectiveness constituted an extraordinary circumstance, Petitioner has failed to show that he was reasonably pursuing his rights diligently in attempting to file an appeal after the extraordinary circumstances began.  Again, Petitioner must establish both the existence of extraordinary circumstances *and* that he acted with reasonable diligence throughout the time he may seek to have equitably tolled.  Because he has failed to establish either, his federal habeas petition is not subject to equitable tolling.

## III.   <u>Conclusion</u>

For the reasons set forth above, the court finds that it lacks jurisdiction to consider the merits of Petitioner's challenge to his 2009 York County convictions and

sentence.  In addition, Petitioner's challenge to his 2011 York County conviction is untimely.  As a result, the petition will be dismissed.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists or reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

20

An appropriate order follows.


                                        S/SYLVIA H. RAMBO
                                        United States District Judge



Dated: October 29, 2014.